**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRIOT HOME CARE, LLC, | |
| **Plaintiff,** | |
| v. | Civil Action No.:  2:26-cv-05486 |
| ALL AMERICAN HOME CARE, IMPACTFUL SENIOR HOME CARE, NEW CENTURY HOME CARE, and MICHAEL SPIVAK, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Patriot Home Care, LLC ("Plaintiff" or "Patriot"), by and through the undersigned counsel, hereby files this Complaint for Trademark Infringement and Unfair Competition against Defendants All American Home Care ("All American"), Impactful Senior Home Care ("Impactful"), New Century Home Care ("New Century"), and Michael Spivak ("Spivak") (All American, Impactful, New Century, and Spivak, collectively, "Defendants"), and avers as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a Pennsylvania limited liability company organized and existing under the laws of the State of Pennsylvania, with a business address at 5700 North Broad Street, Philadelphia, Pennsylvania 19141.

2.     Upon information and belief, Defendant All American is a Pennsylvania limited liability company with a principal place of business at 2921 North 5th Street, Philadelphia, Pennsylvania 19133-2800.

3.      Upon information and belief, Defendant Impactful is a Pennsylvania limited liability company with a principal place of business at 3501 Cedar Street, Suite 41, Philadelphia, Pennsylvania 19134.

4.      Upon information and belief, Defendant New Century is a Pennsylvania limited liability corporation with a principal place of business at 101 E Olney Avenue, Philadelphia, Pennsylvania 19120.

5.      Upon information and belief, Defendant Spivak, an individual, is the owner and Chief Executive Officer ("CEO") of All American, a managing member of both Impactful and New Century, and/or is otherwise responsible for directing the conduct of Defendants, including the conduct described herein.  Upon information and belief, Spivak resides at 235 Deerfield Road, Morganville, New Jersey 07751, and has at least one business address in Philadelphia at 2921 North 5th Street, Philadelphia, Pennsylvania 19133-2800.

6.      Upon information and belief, Spivak at one time owned and/or was the CEO of Impactful and New Century, and upon information and belief, still has an ownership interest in and/or a relationship with these entities.

7.      This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and trademark infringement and unfair competition under the common law of the Commonwealth of Pennsylvania.

8.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of a federally registered

trademark pursuant to 15 U.S.C. § 1114, and federal trademark infringement and unfair competition pursuant to 15 U.S.C. § 1125(a).

9. The Court has supplemental jurisdiction over the claims of Plaintiff arising under the laws of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims of Plaintiff under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10. The Court has personal jurisdiction over the Defendants consistent with the principles underlying the United States Constitution and the laws of the Commonwealth of Pennsylvania because, among other things, Defendants All American, Impactful, and New Century are located in the Commonwealth of Pennsylvania. Additionally, Defendants transact business in the Commonwealth of Pennsylvania. Specifically, Defendants maintain their place of business in this District, and serve clients and customers located in this District. The Court further has personal jurisdiction over Defendants because, upon information and belief, they have committed and are committing trademark infringement in this District. In addition, the Court has personal jurisdiction over Defendants because, upon information and belief, they regularly transact business in the Commonwealth of Pennsylvania, regularly do or solicit business in the Commonwealth of Pennsylvania, contract to provide services in the Commonwealth of Pennsylvania, and derive substantial revenues from services rendered in the Commonwealth of Pennsylvania.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants All American, Impactful, and New Century are located in Philadelphia, Pennsylvania, Defendant Spivak controls the activity of at least All American and upon information and belief controls the activity of Impactful and New Century as well, and all Defendants transact business

in Philadelphia, which is in the Eastern District and where a substantial part of the events or omissions giving rise to the claims occurred and are occurring.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## PLAINTIFF'S VALUABLE RIGHTS

12. Plaintiff is a leading provider of home care services in Pennsylvania and Delaware, dedicated to both the individuals it serves and the caregivers who serve it.  In connection therewith, Plaintiff uses in interstate commerce and owns the well-known and distinctive trademark PATRIOT HOME CARE and variations thereof, including a United States trademark registration (collectively, "PATRIOT HOME CARE Marks").  Plaintiff has continuously used the PATRIOT HOME CARE Marks in interstate commerce for over a decade.

13. Plaintiff has duly and properly registered the PATRIOT HOME CARE Mark in the United States Patent and Trademark Office ("USPTO") on the Principal Register.

14. Plaintiff is the owner of U.S. Trademark Registration No. 6717257 for PATRIOT HOME CARE, which it filed on May 5, 2021, and the registration issued on May 3, 2022 ("Registration").  A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 6717257 is attached hereto as **Exhibit A**.

15. Plaintiff filed the underlying application that became the Registration as a corporation (Patriot Home Care, Inc.), before converting to a limited liability company on or around April 27, 2022.  A true and correct copy of the Statement of Conversion papers as filed with the USPTO is attached hereto as **Exhibit B**.

16. The Registration covers the following services (collectively, "Plaintiff's Services"): "Arranging of managed care contractual services in the fields of home care and home health care; recruitment and placement of personnel in the field of home care and home health care," in Class 35, with a date of first use in commerce of January 1, 2026; "home health care

services; home-visit nursing care; respite care services in the nature of home nursing aid services; hospice services; speech therapy; physical therapy; occupational therapy services," in Class 44, with a date of first use in commerce of March 1, 2021; and "non-medical in-home personal care services for assisting with daily living activities of the elderly, home-bound, and disabled; in-home support services to senior persons, namely, geriatric care management services in the nature of the coordination of necessary services and personal care for the elderly, home-bound, and disabled; non-medical in-home personal care assistance of activities of daily living, in the nature of bathing, grooming, medication intake, and personal mobility for the elderly, home-bound, and disabled; providing non-medical personal assistant services for others in the nature of planning, organizing, coordinating, arranging and assisting individuals to perform daily tasks; social service, namely, companionship services for the elderly, home-bound, and disabled; running errands for others," in Class 45, with a claimed date of first use of January 1, 2016.

17.    The Registration is valid and subsisting, and provides presumptive, *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce under the Lanham Act, 15 U.S.C. §§ 1057 & 1115.  As such, Plaintiff's Registration confers exclusive use of the PATRIOT HOME CARE Marks throughout the United States in connection with Plaintiff's Services.

18.    Plaintiff has all the rights, benefits, and interests of its predecessor corporate entity (Patriot Home Care, Inc.) in connection with and arising out of the PATRIOT HOME CARE Marks, including all intellectual property rights therein.

19.    Plaintiff has extensively used the PATRIOT HOME CARE Marks and has advertised, promoted, and offered Plaintiff's Services under the PATRIOT HOME CARE Marks

in interstate commerce through various channels of trade.  As a result, the customers and potential customers of Plaintiff, and the public in general have come to know and recognize the PATRIOT HOME CARE Marks as identifying Plaintiff's Services as services of the highest quality offered by Plaintiff, and to associate the PATRIOT HOME CARE Marks with Plaintiff's Services. Plaintiff has, thus, built up extensive and invaluable goodwill in connection with the sale of its services offered under its PATRIOT HOME CARE Marks.

20.     The PATRIOT HOME CARE Marks clearly establish that Plaintiff has senior trademark rights in its PATRIOT HOME CARE Marks and consequently there is no question of priority of rights, as such priority belongs to Plaintiff.

21.     Plaintiff has used the PATRIOT HOME CARE Marks continuously on or in connection with Plaintiff's Services in interstate commerce since at least as early as January 1, 2016.

22.     Plaintiff operates a website at the domain name <patriothomecare.org>.

23.     Over the last decade, Plaintiff has offered Plaintiff's Services under its PATRIOT HOME CARE Marks.  A true and correct copy of screenshots from Patriot's website at <patriothomecare.org> are attached hereto as **Exhibit C**.

<u>**DEFENDANTS' WRONGFUL CONDUCT**</u>

24.     Notwithstanding Plaintiff's exclusive and longstanding rights in and to the PATRIOT HOME CARE Marks, and well after Plaintiff's adoption and registration of the PATRIOT HOME CARE Marks, Defendants adopted and began using the identical PATRIOT HOME CARE Marks ("Counterfeit Marks" or "Infringing Marks") in connection with the identical services to Plaintiff's Services ("Defendants' Services").

25.    In particular, Defendants are using the Counterfeit Marks online, in at least Google advertising.

26.    Upon information and belief, Defendants are bidding on the PATRIOT HOME CARE Marks as Google search terms (formerly known as AdWords).

27.    When the PATRIOT HOME CARE Marks are searched in Google, the advertisements that appear prominently display the PATRIOT HOME CARE Marks in conjunction with the corporate Defendants' names, URLs linking to their respective websites, and links to call the corporate Defendants at their businesses, which compete with Plaintiff.

28.    Defendant All American has and continues to run Google advertisements that appear following a search of the PATRIOT HOME CARE Marks, prominently displaying the PATRIOT HOME CARE Marks in conjunction with the "All American Home Care" name, URLs linking to All American's website <myallamericancare.com> at the subdomains <g-2ndstreet-new.myallamericancare.com> and <g-reading-new.myallamericancare.com>, and a link to call All American (see examples below):

 g-2ndstreet-new.myallamericancare.com
https://g-2ndstreet-new.myallamericancare.com › all_american › home_care    ⋮



## Patriot Home Care Inc

All American **Home Care** — **Home** Aides and Caregivers in Philadelphia, Bucks and Montgomery Get Paid More. A top **Home Care** provider in the state of Pennsylvania. Chat Support Available. Experienced Caregivers.

Home health care service · Philadelphia · Open · Closes 5 PM

 📞 Call us



g-2ndstreet-new.myallamericancare.com

https://g-2ndstreet-new.myallamericancare.com › all_american › home_care ⋮

## Patriot Home Care Philadelphia

Hiring **Home** Aides — A top **Home Care** provider in the state of Pennsylvania

📞 **Call us**



29.     Defendant Impactful has and continues to run Google advertisements that appear following a search of the PATRIOT HOME CARE Marks, prominently displaying the PATRIOT HOME CARE Marks in conjunction with the "Impactful Home Care" name, URLs linking to Impactful's website at <impactfulhomecare.com>, and a link to call Impactful.

30. Defendant New Century has and continues to run Google advertisements that appear following a search of the PATRIOT HOME CARE Marks, prominently displaying the PATRIOT HOME CARE Marks in conjunction with the "New Century Home Care" name, URLs linking to New Century's website at <newcenturypa.com>, and a link to call New Century.

31. Examples of Defendants Impactful's and New Century's infringement referenced above are set out here:



32. Upon information and belief, Defendant All American operates the website at the domain name <myallamericancare.com> and subdomains <g-2ndstreet-new.myallamericancare.com> and subdomains <g-reading-new.myallamericancare.com>. A true and correct copy of screenshots from the website <myallamericancare.com> and subdomains <g-2ndstreet-new.myallamericancare.com> and <g-reading-new.myallamericancare.com> are attached hereto as **Exhibit D**.

33.     Upon information and belief, Defendant Impactful operates a website at the domain name <impactfulhomecare.com>.  A true and correct copy of screenshots from the website <impactfulhomecare.com> are attached hereto as **Exhibit E**.

34.     Upon information and belief, Defendant New Century operates a website at the domain name <newcenturypa.com>.  A true and correct copy of screenshots from the website <newcenturypa.com> are attached hereto as **Exhibit F**.

35.     Upon information and belief, Defendant Spivak is the owner and CEO of All American and has been at all times relevant to the infringement alleged herein.

36.     Upon information and belief, Defendant Spivak is also a managing member of Impactful, and has been at all times relevant to the infringement alleged herein.

37.     Upon information and belief, Defendant Spivak is also a managing member of New Century, and has been at all times relevant to the infringement alleged herein.

38.     Upon information and belief, Defendant Spivak at one time owned and/or was the CEO of Impactful and New Century.

39.     Upon information and belief, Defendant Spivak controls the operations of Defendants All American, Impactful, and New Century.

40.     Upon information and belief, Defendant Spivak has been personally and directly responsible for the infringement alleged herein.

41.     Upon information and belief, Defendant Spivak is affiliated with numerous additional home care agencies in the Commonwealth of Pennsylvania.  A true and correct copy of a screenshot of Defendant Spivak's LinkedIn profile is attached hereto as **Exhibit G**.

42.    Defendants' use of the Infringing Marks is identical and confusingly similar to Plaintiff's PATRIOT HOME CARE Marks in appearance, sound, meaning, and commercial impression.

43.    Defendants' Services are identical and closely related to Plaintiff's Services and offered in overlapping and adjacent geographic areas.

44.    Defendants' Services are in direct competition with Plaintiff's Services, and both are provided in the same or similar trade channels.

45.    Defendants' use of the Infringing Marks trades off the goodwill of Plaintiff's PATRIOT HOME CARE Marks and is without permission or license from Plaintiff.

46.    Defendants advertise Defendants' Services in commerce using the Infringing Marks, which are identical to and confusingly similar to Plaintiff's PATRIOT HOME CARE Marks.  Both Parties utilize the same or similar channels of trade.

47.    Defendants' use of the Infringing Marks has misled and is likely to continue to mislead consumers as to the source, sponsorship, affiliation, or association of Defendants' Services, causing consumers and potential consumers to assume erroneously that Defendants' Services under the Infringing Marks are provided by or otherwise sponsored, affiliated, or associated with Plaintiff when in fact they are not.

48.    Upon information and belief, Defendants' infringement has created, and Defendants have subsequently profited from, actual consumer confusion.

49.    Defendants use and intend to use the Infringing Marks without the authorization of Plaintiff, thereby confusing consumers as to the source of the services and resulting in damage and detriment to Plaintiff and its reputation and goodwill.

50.     Consumers are likely to believe mistakenly that Defendants are affiliated or connected with, or otherwise authorized or sponsored by, Plaintiff.  Thus, Defendants' misleading conduct is likely to harm consumers.

51.     Prior to Plaintiff's filing of the Complaint in this action, Plaintiff made a good faith effort to resolve this matter amicably with Defendants.  Indeed, Defendants are and have been on notice of this type of infringing use, as Plaintiff's Chief Administrative Officer Ravinder Sandhu spoke directly with Defendant All American's General Counsel Brett A. Datto in August 2025 about the same issue.  A true and correct copy of correspondence between Messrs. Sandhu and Datto is attached hereto as **Exhibit H**.  While the infringement stopped at that time, it has once again restarted.  Plaintiff is not required to endure this type of whack-a-mole infringement and suffer these continual infringements of its proprietary intellectual property, and is entitled to injunctive relief to shut down this illegal conduct once and for all.

52.     As has become readily apparent, Defendants have no intention of resolving this matter amicably, but instead appear to continue to exploit the Infringing Marks to their benefit and Plaintiff's and consumers' detriment.  As a result, Plaintiff has had no choice but to commence this action.

53.     Defendants are using the Infringing Marks without the authorization of Plaintiff, thereby confusing consumers as to the source of the services and resulting in damage and detriment to Plaintiff and its reputation and goodwill.

54.     Upon information and belief, Defendants knew or had reason to know of the PATRIOT HOME CARE Marks of Plaintiff at the time Defendants commenced use of the Infringing Marks.

55.    Upon information and belief, Defendants intentionally adopted and continue to use the Infringing Marks so as to create consumer confusion and traffic off Plaintiff's overall strong reputation and goodwill under the PATRIOT HOME CARE Marks.

56.    Upon information and belief, all of the aforementioned acts of Defendants were directed and authorized by Spivak.

**FIRST CLAIM FOR RELIEF**
**(Counterfeit of Registered Mark – 15 U.S.C. §§ 1114)**

57.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 above, as if set forth herein in full.

58.    Plaintiff owns a valid Registration for its PATRIOT HOME CARE Mark, as set out above.

59.    Well before any of Defendants' actions complained of herein were committed, Plaintiff had continuously used the PATRIOT HOME CARE Mark in the United States in connection with the Plaintiff's Services.

60.    Defendants use a non-genuine version of the PATRIOT HOME CARE Mark that is identical to, or substantially indistinguishable from, the PATRIOT HOME CARE Mark.

61.    The PATRIOT HOME CARE Mark is registered on the Principal Register, and Defendants are intentionally using the Counterfeit Marks to falsely suggest that the Defendants' Services are provided by Plaintiff.

62.    Plaintiff did not authorize Defendants' use of the Counterfeit Marks, and such unauthorized use of the PATRIOT HOME CARE Mark is likely to confuse consumers into falsely believing that the Defendants' Services are authorized or certified by Plaintiff when, in fact, they are not.

-13-

63.     Defendants' use of the Counterfeit Marks without consent from Plaintiff was and is a willful and intentional infringement of Plaintiff's registered PATRIOT HOME CARE Mark.

64.     Defendants have profited from their acts of infringement. Plaintiff is entitled to recover Defendants' profits arising from the infringement, any damages sustained by Plaintiff arising from said infringement, as well as the costs of this action. Plaintiff is also entitled to an enhanced award of Defendants' profits or Plaintiff's actual damages to fully and adequately compensate it for Defendants' infringement under 15 U.S.C. § 1117(b).  At its election, Plaintiff is also entitled to statutory damages under 15 U.S.C. 1117(c), trebled for Defendants' willful infringement.

65.     Defendants have caused and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff that is not fully compensable in monetary damages.  Plaintiff is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendant from use of the Counterfeit Marks, the PATRIOT HOME CARE Marks, or any other mark that is confusingly similar to the PATRIOT HOME CARE Marks.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. § 1114)

66.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 65 above, as if fully set forth herein.

67.     The Infringing Marks are identical to or substantially indistinguishable from the PATRIOT HOME CARE Marks in appearance, sound, meaning, and commercial impression that the use and registration thereof is likely to cause confusion, mistake, and deception as to the source or origin of the Defendants' Services, and will injure and damage Plaintiff and the goodwill and reputation symbolized by the PATRIOT HOME CARE Marks.

68.     The Defendants' Services offered under the Infringing Marks are identical or so related to the Plaintiff's Services offered under the PATRIOT HOME CARE Marks by Plaintiff that the public is likely to be confused, deceived, and to assume erroneously that the Defendants' Services are those of Plaintiff or that Defendants are in some way connected with, licensed, or sponsored by or affiliated with Plaintiff, all to Plaintiff's irreparable damage.

69.     Likelihood of confusion is enhanced by the fact that the PATRIOT HOME CARE Marks are strong, well-known, and entitled to a broad scope of protection.

70.     Likelihood of confusion is also enhanced by the fact that the Infringing Marks are visually and phonetically identical or substantially indistinguishable from the PATRIOT HOME CARE Marks, and the Defendants' Services are identical or closely related to the Plaintiff's Services.

71.     Likelihood of confusion is further enhanced by the fact that the Infringing Marks and the PATRIOT HOME CARE Marks both prominently incorporate the identical, key components "PATRIOT HOME CARE" and "PATRIOT," the Infringing Marks are wholly encompassed by the PATRIOT HOME CARE Marks, and the Defendants' Services are identical or closely related to the Plaintiff's Services.  Specifically, the Infringing Marks have the same dominant components PATRIOT HOME CARE and PATRIOT and for the same or closely related services.

72.     Likelihood of confusion is even further enhanced by the fact that Plaintiff and Defendants market and will likely market their services in the same or similar channels of trade. Defendants use the Infringing Marks in online advertising on Google, and in other manners typical in the trade in connection with offering and rendering the Defendants' Services.

73.     Defendants are not affiliated or associated with Plaintiff and have not been endorsed or sponsored by Plaintiff, nor has Plaintiff approved any of the Defendants' Services offered, sold, or provided or intended to be offered, sold, or provided by Defendants under the Infringing Marks.

74.     Defendants have never sought or obtained the permission of Plaintiff to use the Infringing Marks, nor has Plaintiff approved any of the Defendants' Services offered under the Infringing Marks.

75.      By advertising, promoting, marketing, offering and providing the Defendants' Services under the Infringing Marks, Defendants have used the Infringing Marks in commerce.

76.     Defendants' use of the Infringing Marks in connection with Defendants' Services is likely to cause confusion, mistake, or deception of consumers as to the source of origin or sponsorship of the services, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

77.     Defendants' use of the Infringing Marks constitutes trademark infringement, which is likely to deceive customers and prospective customers into believing that the Defendants' Services offered for sale under the Infringing Marks are those of Plaintiff in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

78.     Consumers are likely to purchase or engage the Defendants' Services being offered under the Infringing Marks believing them to be those of Plaintiff, thereby resulting in a loss of goodwill and economic harm to Plaintiff.

79.     Defendants' provision of the Defendants' Services under the Infringing Marks has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of the Defendants' Services and to convey falsely that the Defendants' Services originate from or are

endorsed or authorized by Plaintiff, or that the Defendants' Services are otherwise affiliated with Plaintiff, when such is not the case.

80.    Plaintiff is informed and believes, and on that basis, alleges that Defendants have derived unlawful gains and profits from their infringing use of the Infringing Marks.

81.    The goodwill of Plaintiff's business under the PATRIOT HOME CARE Marks is of great value, and Plaintiff will suffer irreparable harm should Defendants' trademark infringement be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiff for which damage Plaintiff cannot be adequately compensated at law.

82.    Plaintiff has no control over the nature and quality of the services offered by Defendants under the Infringing Marks.  Any failure, neglect, or default of Defendants in providing the Defendants' Services will reflect adversely on Plaintiff.  Thus, the value of the PATRIOT HOME CARE Marks is subject to damage by an entity Plaintiff cannot control.

83.    Unless enjoined by this Court from so doing, Defendants will continue to engage in its acts of trademark infringement, unfair competition, and false representation and designations, to the irreparable damage and injury of Plaintiff.

84.    Plaintiff has no adequate remedy at law.

85.    Upon information and belief, Defendants have engaged in acts of trademark infringement, with knowledge of Plaintiff's exclusive rights in and to the PATRIOT HOME CARE Marks in connection with the Plaintiff's Services, and Defendants continue in such acts of intentional trademark infringement, thus entitling Plaintiff to an award of treble its actual damages or Defendants' profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**(Federal Unfair Competition and False Designation of Origin and**
**False and Misleading Representations – 15 U.S.C. § 1125(a))**

86.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 85 above, as if fully set forth herein.

87.    The Infringing Marks are identical to or substantially indistinguishable from the PATRIOT HOME CARE Marks in appearance, sound, meaning, and commercial impression that the use and registration thereof is likely to cause confusion, mistake, and deception as to the source or origin of the Defendants' Services, and will injure and damage Plaintiff and the goodwill and reputation symbolized by the PATRIOT HOME CARE Marks.

88.    The Defendants' Services offered under the Infringing Marks are identical or so related to the Plaintiff's Services offered under the PATRIOT HOME CARE Marks by Plaintiff that the public is likely to be confused, deceived, and to assume erroneously that the Defendants' Services are those of Plaintiff or that Defendants is in some way connected with, licensed, or sponsored by or affiliated with Plaintiff, all to Plaintiff's irreparable damage.

89.    Likelihood of confusion is enhanced by the fact that the PATRIOT HOME CARE Marks are strong, well-known, and entitled to a broad scope of protection.

90.    Likelihood of confusion is also enhanced by the fact that the Infringing Marks are visually and phonetically identical or substantially indistinguishable from the PATRIOT HOME CARE Marks, and the Defendants' Services are identical or closely related to the Plaintiff's Services.

91.    Likelihood of confusion is further enhanced by the fact that the Infringing Marks and the PATRIOT HOME CARE Marks both prominently incorporate the identical, key components "PATRIOT HOME CARE" and "PATRIOT," the Infringing Marks are wholly encompassed by the PATRIOT HOME CARE Marks, and the Defendants' Services are identical

-18-

or closely related to the Plaintiff's Services.  Specifically, the Infringing Marks have the same dominant components PATRIOT HOME CARE and PATRIOT and for the same or closely related services.

92.    Likelihood of confusion is even further enhanced by the fact that Plaintiff and Defendants market and will likely market their services in the same or similar channels of trade. Defendants use the Infringing Marks in online advertising on Google, and in other manners typical in the trade in connection with offering and rendering the Defendants' Services.

93.    Defendants are not affiliated or associated with Plaintiff and have not been endorsed or sponsored by Plaintiff, nor has Plaintiff approved any of the Defendants' Services offered, sold, or provided or intended to be offered, sold, or provided by Defendants under the Infringing Marks.

94.    Defendants have never sought or obtained the permission of Plaintiff to use the Infringing Marks, nor has Plaintiff approved any of the Defendants' Services offered under the Infringing Marks.

95.     By advertising, promoting, marketing, offering, and providing the Defendants' Services under the Infringing Marks, Defendants have used the Infringing Marks in commerce.

96.    Defendants' use of the Infringing Marks in connection with Defendants' Services is likely to cause confusion, mistake, or deception of consumers as to the source of origin or sponsorship of the services, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1125(a).

97.    Defendants' use of the Infringing Marks constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that the Defendants' Services offered

for sale under the Infringing Marks are those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.    Consumers are likely to purchase or engage the Defendants' Services being offered under the Infringing Marks believing them to be those of Plaintiff, thereby resulting in a loss of goodwill and economic harm to Plaintiff.

99.    Defendants' provision of the Defendants' Services under the Infringing Marks has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of the Defendants' Services and to convey falsely that the Defendants' Services originate from or are endorsed or authorized by Plaintiff, or that the Defendants' Services are otherwise affiliated with Plaintiff, when such is not the case.

100.    Plaintiff is informed and believes, and on that basis, alleges that Defendants has derived unlawful gains and profits from their infringing use of the Infringing Marks.

101.    The goodwill of Plaintiff's business under the PATRIOT HOME CARE Marks is of great value, and Plaintiff will suffer irreparable harm should Defendants' trademark infringement be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiff for which damage Plaintiff cannot be adequately compensated at law.

102.    Plaintiff has no control over the nature and quality of the services offered by Defendants under the Infringing Marks.  Any failure, neglect, or default of Defendants in providing the Defendants' Services will reflect adversely on Plaintiff.  Thus, the value of the PATRIOT HOME CARE Marks is subject to damage by an entity Plaintiff cannot control.

103.    Unless enjoined by this Court from so doing, Defendants will continue to engage in its acts of trademark infringement, unfair competition, and false representation and designations, to the irreparable damage and injury of Plaintiff.

104.   Plaintiff has no adequate remedy at law.

105.   Upon information and belief, Defendants have engaged in acts of unfair competition and false representation and designations, with knowledge of Plaintiff's exclusive rights in and to the PATRIOT HOME CARE Marks in connection with the Plaintiff's Services, and Defendants continues in such acts of intentional unfair competition and false representation and designations, thus entitling Plaintiff to an award of treble its actual damages or Defendants' profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Infringement and Unfair Competition**
**Under the Commonwealth of Pennsylvania Common Law)**

106.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 105 above, as if fully set forth herein.

107.   Plaintiff owns and enjoys common law rights in the Commonwealth of Pennsylvania and elsewhere in the United States in and to the PATRIOT HOME CARE Marks for Plaintiff's Services.

108.   Defendants have traded off and misappropriated the reputation and valuable goodwill of the PATRIOT HOME CARE Marks of Plaintiff in the Commonwealth of Pennsylvania and acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the source of the Defendants' Services.  Defendants' acts are likely to lead the public to believe mistakenly that the Defendants' Services are in some way associated with, or sponsored by Plaintiff, to the detriment of Plaintiff.  Defendants' activities constitute unfair competition, misappropriation of the goodwill of Plaintiff, and palming off.

109. Upon information and belief, Defendants intentionally adopted and continue to use the Infringing Marks so as to create consumer confusion and generate traffic from Plaintiff's reputation and goodwill under the PATRIOT HOME CARE Marks.

110. Unless enjoined by this Court from so doing, Defendants will continue their conduct of palming off and engaging in acts of unfair competition, to the irreparable damage and injury of Plaintiff.

111. Plaintiff is informed and believes and, on that basis, alleges that Defendants have derived unlawful gains and profits from their unlawful acts, as alleged above, and have caused loss, injury, and damage to Plaintiff, its goodwill, and the PATRIOT HOME CARE Marks, in an amount as yet unknown but to be proven at trial.

**ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF**

112. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 111 above, as if set forth herein in full.

113. Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendants' wrongful conduct. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of Plaintiff. Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court:

A. Enter a judgment against Defendants that Defendants have committed and are committing acts of trademark infringement in violation of the rights of Plaintiff under 15 U.S.C. § 1114;

B.     Enter a judgment against Defendants that Defendants have willfully infringed the registered trademark rights of Plaintiff in and to the PATRIOT HOME CARE Marks under 15 U.S.C. § 1114;

C.     Enter a judgment against Defendants that Defendants have committed and are committing acts of unfair competition, false designation of origin, false and misleading description of fact, and false and misleading representation in violation of the rights of Plaintiff under 15 U.S.C. §1125(a);

D.     Enter a judgment against Defendants that Defendants have committed and are committing acts of trademark infringement and unfair competition in violation of the common law of the Commonwealth of Pennsylvania;

E.     Enter a judgment designating this action an exceptional case entitling Plaintiff to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

F.     Issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their parents, subsidiaries, affiliates, officers, members, agents, representatives, servants, employees, attorneys, successors and assigns, and all other persons and entities acting in concert and participation with Defendants, be enjoined and restrained from:

        i.     using, advertising, marketing, promoting, displaying, exhibiting and/or rendering any goods or services under the Infringing Marks, the terms "PATRIOT HOME CARE" or "PATRIOT," or any other trademark or name confusingly similar to the PATRIOT HOME CARE Marks, including but not limited to on the Internet and social media, such as in Google

advertisements, and including but not limited to Internet search terms, such as Google AdWords;

ii.    imitating, copying, or making any other infringing use of the PATRIOT HOME CARE Marks and the Infringing Marks, and any other mark now or hereafter confusingly similar to the PATRIOT HOME CARE Marks;

iii.    manufacturing, assembling, producing, distributing, offering of distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the PATRIOT HOME CARE Marks, the Infringing Marks, or any mark confusingly similar thereto;

iv.    using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

v.    using the names, logos, or other variations thereof of the PATRIOT HOME CARE Marks or the Infringing Marks in any of Defendants' domain names;

vi.    using the names, logos, or other variations thereof of the PATRIOT HOME CARE Marks or the Infringing Marks in any of Defendants' trade or corporate names;

-24-

vii.    engaging in any other activity constituting an infringement of the PATRIOT HOME CARE Marks, or the rights of Plaintiff in, or right to use or to exploit the PATRIOT HOME CARE Marks; and

viii.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vii) above;

G.    Order Defendants to cease all use of any domain name incorporating the Infringing Marks, the terms "PATRIOT HOME CARE" or "PATRIOT," or any other trademark or name confusingly similar to the PATRIOT HOME CARE Marks, and to transfer any such domain name to Plaintiff, and further ordering Defendants not to use any domain name likely to cause confusion with the PATRIOT HOME CARE Marks;

H.    Order Defendants to cease all use of the Infringing Marks, the terms "PATRIOT HOME CARE" or "PATRIOT," or any other trademark or name confusingly similar to the PATRIOT HOME CARE Marks, on the Internet, such as in Google advertisements, and including any search browser, such as Google, and use of Internet search terms;

I.    Order Defendants to cease all use of any social media handles using the Infringing Marks, the terms "PATRIOT HOME CARE" or "PATRIOT," or any other trademark or name confusingly similar to the PATRIOT HOME CARE Marks, on any platform including but not limited to Instagram, Facebook, YouTube, and TikTok, and where permitted by the platform terms of services, to transfer any such social media handles to Plaintiff, and further order Defendants not to use any social media handle likely to cause confusion with the PATRIOT HOME CARE Marks;

J.    Order Defendants, at its own expense, to recall all marketing, promotional and advertising materials that bear or incorporate the Infringing Marks, or any mark confusingly

similar to the PATRIOT HOME CARE Marks, which have been distributed, sold, or shipped by Defendants or on their behalf, and to reimburse all customers from which said materials are recalled;

K.    Order Defendants to destroy all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the Infringing Marks, and/or any simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and any other means of making the same;

L.    Order Defendants to publish notice to all customers or members of the trade who may have seen or heard of Defendants' use of the Infringing Marks, which notice shall disclaim any connection with Plaintiff and shall advise them of the Court's injunction order and of Defendants' discontinuance from all use of the Infringing Marks;

M.    Order Defendants to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry of injunctive relief against Defendants in this action, a written report by Defendants, under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

N.    Order Defendants to pay the costs of corrective advertising;

O.    Order Defendants to hold in trust, as constructive trustee for the benefit of Plaintiff, their profits obtained from their provision of Defendants' Services offered for sale under the Infringing Marks;

P.    Order Defendants never to file for any trademark for or incorporating the Infringing Marks, the PATRIOT HOME CARE Marks, or any other designation that is confusingly similar to the PATRIOT HOME CARE Marks;

Q.　　Order a full and complete accounting by Defendants to Plaintiff of all amounts due and owing to Plaintiff as a result of Defendants' illegal activities, including any profits gained from the Defendants' Services rendered under the Infringing Marks;

R.　　Order Defendants to pay the general, special, actual, and statutory damages to Plaintiff, including for injury to Plaintiff's business reputation and goodwill, and all other damages arising out of Defendants' acts of infringement and unfair competition, in an amount yet to be determined, as follows:

(i)　　Plaintiff's damages or Defendants' profits, whichever is greater, trebled pursuant to 15 U.S.C. § 1117 for Defendants' willful violation of the federally registered trademarks of Plaintiff;

(ii)　　Plaintiff's damages or Defendants' profits, whichever is greater, trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful use of a counterfeit mark of a federally registered trademark; and

(iii)　　Awarding, if Plaintiff so elects, statutory damages up to $2,000,000 per counterfeit mark per type of services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

S.　　Order Defendants to pay to Plaintiff both the costs of this action and reasonable attorneys' fees, plus applicable interest, incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117(a); and

T.　　Award such other and further relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

-28-

Dated: August 3, 2026                              BUCHANAN INGERSOLL & ROONEY PC

                                        By:    _/s/ Jayme C. Bronson_____
                                               Jayme C. Bronson (PA Bar No. 325481)
                                               Erin Napoleon (PA Bar No. 331745)
                                               Two Liberty Place
                                               50 S. 16th Street
                                               Philadelphia, Pennsylvania 19102-2555
                                               Telephone: 215-665-8700
                                               Facsimile: 215-665-8760
                                               jayme.bronson@bipc.com
                                               erin.napoleon@bipc.com

                                               John M. Nading (DC Bar No. 981625, *pro hac vice* application forthcoming)
                                               1700 K Street, NW, Suite 300
                                               Washington, DC 20006-3807
                                               Telephone: 202-452-7900
                                               Facsimile: 202-452-7989
                                               john.nading@bipc.com

                                               *Attorneys for Plaintiff*